**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS SHARIDE DINKINS, JR.,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT MASON, et al.,** | : | **NO. 21-cv-2916** |
| *Respondents*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                    **February 7, 2022**

      Dinkins, *pro se*, petitions for habeas corpus under 28 § U.S.C. 2254, challenging his sentence and plea agreements. Dinkins alleges that the application of the Deadly Weapon Enhancement ("DWE"), 204 Pa. Code § 303.10, to his sentence was improper and illegal; that trial counsel failed to object, allowed him to accept, and coerced him to accept an illegal mandatory minimum sentence; and that appellate counsel failed to allege trial counsel's ineffectiveness.[1]

      Judge Rice recommends that we dismiss Dinkins's petition in full. We adopt Judge Rice's reasoned recommendation and deny the petition. We also deny a certificate of appealability because we find that Dinkins's claims are non-cognizable and meritless.

**I.      FACTUAL AND PROCEDURAL HISTORY**

      On February 3, 2017, in the Court of Common Pleas of Lancaster County, before the Honorable Jeffrey D. Wright, Dinkins entered into two plea agreements, pleading guilty to

---

[1] Dinkins also alleged that the trial court abused its discretion by applying mandatory minimum sentence statutes, 42 Pa. C.S.A. § 9712 and 18 Pa. C.S.A. § 7508, to his sentence, but Dinkins has voluntarily withdrawn this claim. ECF No. 19.

aggravated assault (two counts), recklessly endangering another person (four counts), discharging a firearm in an occupied structure, unlawful possession of a firearm, possession with intent to deliver drugs, and possession of drug paraphernalia. *Com. v. Dinkins*, 3121 Crim. Dkt. at 4-5, 3454 Crim. Dkt. at 3; N.T. 2/3/2017 ("N.T.") at 11-18; Resp. Ex. A., ECF No. 12. At the plea hearing, Dinkins admitted that on June 10, 2016, he had a dispute with another person at a party, and then after that person entered a vehicle with others, Dinkins shot a firearm repeatedly into that vehicle, injuring two of the passengers. N.T. at 11-12.  Dinkins also admitted that on the same day, police searched his residence and found the firearm used in the shooting, 162 grams of marijuana, and drug paraphernalia. N.T. at 12-13. In the plea agreements, the parties requested a sentence of 10-20 years of imprisonment for crimes which Dinkins could have received a sentence of imprisonment more than four times that length. *See* Resp. Ex. A., ECF No. 12.

At the plea hearing, Dinkins testified that he had reviewed the plea agreements and guilty plea colloquy with his attorney, that he found them accurate, that he fully understood their meaning and effect, and that he signed them voluntarily. N.T. at 5-6. He testified that he understood each charge to which he was pleading guilty and their potential penalties, and that the maximum sentence he could receive for all charges was 97 years of imprisonment. N.T. at 6-11. After the assistant district attorney summarized the evidence against him, Dinkins testified that he committed the acts described. N.T. at 12-13. Judge Wright then summarized his trial rights, and Dinkins testified that he understood that by pleading guilty he was giving up those rights. N.T. at 14. He testified that he was not forced or threatened to plead guilty, that he was doing so of his own free will, and that he was satisfied with his attorney. N.T. at 14-15. He testified that he had reviewed the summary of his appeals rights in the guilty plea colloquy with his attorney and understood those rights. N.T. at 18. Finding that Dinkins's plea was voluntarily and

knowingly made, Judge Wright accepted the plea and sentenced him to 10-20 years of imprisonment, consistent with the sentence contained in the plea agreements and colloquy. N.T. at 17-18.

Approximately three weeks later, Dinkins filed a letter requesting that the court adjust his sentence to allow his two aggravated assault sentences to run concurrently. Resp. Ex. B, ECF No. 12. The next month, Dinkins's counsel filed a notice of appeal and a motion to withdraw. Resp. Exs. C and E, ECF No. 12. The Superior Court granted the motion and affirmed Dinkins's judgment of sentence. Resp. Ex. I, ECF No. 12. On April 18, 2019, Dinkins filed a *pro se* petition for post-conviction relief under Pennsylvania's Post-Conviction Relief Act (PCRA). Resp. Ex. J, ECF No. 12. On August 16, 2019, Dinkins filed a motion for change of counsel. Resp. Ex. L, ECF No. 12. Dinkins also filed multiple supplemental PCRA petitions and motions and an amended PCRA petition. Resp. Exs. M, N, O, Q, R, and T, ECF No. 12. On January 27, 2020, the PCRA court dismissed the petition. Resp. Ex. V, ECF No. 12. Dinkins appealed, and the Superior Court affirmed the judgment on March 25, 2021. Resp. Ex. CC, ECF No. 12. On April 9, 2021, Dinkins filed an application for reargument *en banc* or for reconsideration. Resp. Ex. DD. The application was denied. Resp. Ex. EE. On August 19, 2021, Dinkins filed a second motion for post-conviction collateral relief in the Court of Common Pleas of Lancaster County, and this motion was denied as untimely on September 13, 2021. Pet. Mot., ECF No. 20. On August 31, 2021, Dinkins filed a petition for allowance to appeal in the Supreme Court of Pennsylvania. Resp. Ex. HH. On December 29, 2021, the Supreme Court denied the petition. ECF No. 20.

### A.     The Habeas Petition

On June 10, 2021, Dinkins filed his federal habeas petition. ECF No. 1. In his petition,

Dinkins requests relief based on the following grounds: the trial court's abuse of discretion and error in applying the Deadly Weapon Enhancement and in allowing Dinkins to plead guilty to an unconstitutional mandatory minimum and mandatory recidivist enhancement; trial counsel's constitutionally ineffective assistance of counsel for failing to object and allowing Dinkins to accept an unconstitutional and illegal mandatory minimum sentence and recidivist sentence, failing to object to the trial court's abuse of discretion, and coercing Dinkins into an illegal sentence; and appellate counsel's constitutionally ineffective assistance of counsel that failed to allege trial counsel's ineffectiveness for coercing Dinkins's entry into the plea agreements and for entering a plea of guilty to a sentence that was based on unconstitutional mandatory minimum and mandatory recidivist statutes. *Id.*

**B.     The Report and Recommendation**

In the Report and Recommendation, Judge Rice found that Dinkins's claims are non-cognizable and meritless. Report and Recommendation, ECF No. 16. Regarding Dinkins's claims that his sentence was illegal and unconstitutional, Judge Rice found that to the extent that Dinkins challenges the application of discretionary state sentencing enhancements, such claims implicate alleged errors of state law, not violations of federal law or the Constitution, and thus are not cognizable claims under 28 U.S.C. § 2254. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). By pleading guilty, Dinkins waived the majority of his appellate rights, and can only challenge the court's jurisdiction, the legality of the sentence, and the validity of his plea. Resp. Ex. A, ECF No. 12; *Com. v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). Judge Rice found that none of these exceptions applied. The trial court had jurisdiction because the alleged crimes were committed within its jurisdiction. Dinkins sentence was not illegal because it was well within the statutory maximums. And the plea was valid because it is clear from the record that Dinkins

4

voluntarily and knowingly agreed to it. Under these circumstances, "Dinkins cannot now seek to withdraw his plea because he believes it was based on improper sentencing enhancements that did not impact the legality of his sentence." ECF No. 16 (citing *Brady v. United States*, 397 U.S. 742, 757 (1970)).

Judge Rice also found that even if Dinkins's sentence were open to challenge, Dinkins's claims are flawed and entirely meritless. Dinkins argues that the sentence was illegal and unconstitutional because a mandatory minimum enhancement and mandatory recidivist enhancement were applied, but Dinkins fails to show that any such enhancements were applied or considered. The sentencing guidelines worksheet does not show that either enhancement was considered. Dinkins also claims that the DWE rendered his sentence illegal, but the enhancement as applied was appropriate and consistent with the guidelines.

Because Dinkins's claims regarding his sentence were completely meritless, Judge Rice found that Dinkins's claims of ineffectiveness of counsel were also meritless. For all these reasons, Judge Rice recommended that the petition for writ of habeas corpus be dismissed with prejudice, finding there was no probable cause to warrant issuing a certificate of appealability.

### C.     Petitioner's Objections

In his Objections to the Report and Recommendation, Dinkins argues that his sentence violates due process and is unconstitutional because the DWE was not included in the underlying bill of information. Obj., ECF No. 17. On December 23, 2021, Dinkins filed a letter to withdraw two of his claims: that the trial court abused its discretion in applying the DWE and abused its discretion in allowing Dinkins to enter a guilty plea based on a mandatory minimum sentence enhancement and a mandatory recidivist enhancement. ECF No. 19. On January 13, 2022, Dinkins filed a motion to amend his petition to add a claim that the court was without

jurisdiction to accept the sentence because the DWE was not included in the bill of information. ECF No. 20.

## II.      STANDARD OF REVIEW

Dinkins timely objects to Magistrate Judge Rice's Report and Recommendation. Dinkins objects to the Report and Recommendation's analysis of his claims that the DWE was improperly applied and rendered the sentence illegal and unconstitutional. We make a *de novo* determination of the portions of the Report and Recommendation to which the objection is made. *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing 28 U.S.C. § 636(b)(1)).

A federal court shall not grant habeas relief unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail under the "contrary to" clause, a petitioner must show that the state court applied a rule differently from the governing law set forth by the United States Supreme Court or decided a case differently than the United States Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To prevail under the "unreasonable determination" clause, a petitioner must show that the state court correctly identified a governing legal principle but unreasonably applied it to the facts of a particular case. *Id.* This is a "difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted).

III.    DISCUSSION

A.    **The trial court did not abuse its discretion by accepting a sentence that**
**applied the Deadly Weapon Enhancement ("DWE").** [2]

In a challenge of a guilty plea, generally the only cognizable issues are the jurisdiction of the court, the lawfulness of the sentence, the validity of the plea, and the competency of counsel. *Com. v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014); *Com. v. Moore*, 468 A.2d 791, 797 (Pa. Super. 1983) (citing *Com. v. Czapla*, 430 A.2d 313, 315 (Pa. Super. 1981)); *see* Resp. Ex. A, ECF No. 12. Additionally, "habeas challenges to a state court's sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated." *Baenig v. Patrick*, 2009 WL 2407819 at *4 (M.D. Pa. August 3, 2009) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see Pulley v. Harris*, 465 U.S. at 41 ("a federal court may not issue [a writ of habeas corpus] on the basis of perceived error of state law").

Dinkins argues that his sentence is unconstitutional because the DWE was applied to the sentence but was not included in the information. [3] Dinkins claims that this omission violates due

_____

[2] Dinkins filed a letter that requested the Court's permission to withdraw the claim that the trial court abused its discretion and erred by improperly applying the DWE. ECF no. 19. Then, Dinkins filed a motion to amend his pleading to add a claim that the trial court lacked jurisdiction to impose the sentence because the sentence improperly applied the DWE. ECF No. 20. Because we find that Dinkins is essentially asking to rephrase but not change his claim, and for the purpose of fully adjudicating his claims, we DENY IN PART the request to withdraw claims. We will consider the DWE claim raised in the petition and the objections and DENY AS MOOT Dinkins's request to amend the petition because the DWE claim is preserved.

[3] The first time in state court that Dinkins clearly presents this claim, that the DWE must have been included in the information, is in his petition to the Supreme Court of Pennsylvania. Resp. Ex. HH, ECF No. 12. Although this claim was not fairly presented in the state court proceedings, we will deny this claim on the merits. 28 USC 2254(b)(2); *see Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (citing *Taylor v. Horn,* 504 F.3d 416, 427 (3d Cir. 2007)) (courts may bypass the exhaustion issue to deny a habeas claim on the merits).

process. This claim is meritless. The DWE is a discretionary sentencing recommendation that does not affect the statutory maximum or minimum. Due process does not require that the bill of information contain discretionary sentencing recommendations.

Facts that increase the statutory maximum penalty to which a defendant is exposed are elements of a crime, and a defendant has a right under the Fifth and Sixth Amendments to have those facts found by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Similarly, facts that increase the mandatory minimum sentence have the same Sixth Amendment and due process requirements. *Alleyne v. United States*, 570 U.S. 99, 115-16 (2013). In *Apprendi*, the Supreme Court noted that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."[4] *See Apprendi*, 530 U.S. at 476 (citation omitted). However, *Apprendi* and *Alleyne* do not apply to discretionary sentencing considerations that do not increase the statutory maximum or mandatory minimum sentence. *Apprendi*, 530 U.S. at 481; *Alleyne*, 570 U.S. at 114 n.2, 116-117 ("broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment"). Here, Dinkins challenges the court's application of the DWE, a discretionary sentencing recommendation. 204 Pa. Code § 303.9(a)(1), (3); *id.* § 303.10(a)(2) (the court "shall consider" the enhanced sentence range); *Com. v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (sentencing

---

[4] In *Apprendi* and *Alleyne*, the Supreme Court, reviewing state court adjudications, held that facts that increase the maximum or minimum sentence must be found by a jury beyond a reasonable doubt. The Supreme Court did not rule on whether these facts must be alleged in the information or indictment. *See Apprendi*, 530 U.S. at 477 n.3 The discretionary character of the DWE is a dispositive issue under *Apprendi* and *Alleyne*. We do not determine whether the protections recognized in *Alleyne* and *Apprendi* extend to indictments in state court.

guidelines are not mandatory). Additionally, the DWE does not increase the statutory maximum or minimum sentence, 204 Pa. Code § 303.9(g), (h), and Dinkins received a sentence well below the statutory maximums, *see* 18 Pa. C.S.A. §§ 1103, 2702, 2705; *see also* Resp. Ex. A., ECF No. 12. Because the DWE is an example of "broad sentencing discretion, informed by judicial factfinding" and does not increase the statutory maximum or minimum sentence, its consideration in Dinkins's sentence was neither a violation of due process nor an abuse of discretion. *Com v. Buterbaugh*, 91 A.3d 1247, 1270 n. 10 (2014) (finding that *Alleyne* and *Apprendi* do not apply to enhancements); *Gonzalez v. Gurman*, No. 18-0010, 2018 WL 3520678, at *7 (E.D. Pa. July 20, 2018) (argument that deadly weapon enhancement was unconstitutional under *Alleyne* was meritless). Dinkins's argument that his sentence is illegal because the DWE was not in the information fails.

To the extent that Dinkins argues that the trial court improperly or incorrectly applied the DWE to the sentence, that claim is non-cognizable. *See Com. v. Moore*, 468 A.2d 791, 797 (Pa. Super. 1983); *see also Com. v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) ("there is no authority to permit a challenge to the discretionary aspects of [a] sentence" stemming from a guilty plea); Resp. Ex. A, ECF No. 12. After pleading guilty and receiving a sentence consistent with the plea agreements, Dinkins cannot now challenge the discretionary aspects of that sentence.

> **B.** **Trial counsel was not ineffective for failing to object to Dinkins's acceptance of the sentence**

Dinkins also argues that his trial counsel failed to stop Dinkins from accepting an unconstitutional and illegal sentence. Dinkins argues that the sentence he negotiated and agreed

to was unconstitutional because he was sentenced pursuant to two mandatory minimum statutes, 42 Pa. C.S.A. § 9712 and 18 Pa. C.S.A. § 7508. This argument is without merit.

Neither 42 Pa. C.S.A. § 9712 nor 18 Pa. C.S.A. § 7508 were applied to Dinkins's sentence. Both statutes were held unconstitutional as early as 2014. *See, e.g.*, *Com. v. Valentine*, 101 A.3d 801, 809-12 (Pa. Super. 2014) (holding 42 Pa. C.S.A. § 9712 unconstitutional); *Com. v. Caldwell*, 105 A.3d 748, 751-755 (Pa. Super. 2014) (holding 18 Pa. C.S.A. § 7508 unconstitutional). Dinkins entered his plea and was sentenced on February 3, 2017, several years after these statutes were declared unconstitutional. Dinkins provides no evidence that either statute was considered, applied, or had any effect on his sentence. There is no indication or suggestion in the sentencing guidelines worksheets or the plea agreements that either statute was considered. Resp. Ex. A, ECF No. 12. Dinkins's argument has no merit and fails.

Dinkins also makes a related argument that his counsel was ineffective for failing to object to the trial court's acceptance of the allegedly unconstitutional sentence. As explained above, this argument is without merit because the mandatory minimum statutes that Dinkins cites were not considered or used in calculating his sentence, and "[t]here can be no Sixth Amendment deprivation of effective counsel, based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

**C.**     **Trial counsel was not ineffective for allegedly coercing Petitioner accepting plea agreement**

There is nothing in the record that supports or suggests that Dinkins was coerced into entering his plea agreements. Dinkins signed the plea agreements and guilty plea colloquy and certified that he was entering into them voluntarily and knowingly. Resp. Ex. A, ECF No. 12. At his plea hearing, Dinkins testified that he had reviewed the plea agreements and colloquy with

10

his attorney, that he voluntarily signed and fully understood them, that he understood the charges against him and the potential sentence he faced, that he understood that he was waiving his right to trial, and that he was satisfied with his attorney. N.T. at 5-18. Judge Wright discussed every charge that Dinkins was pleading guilty to and confirmed with Dinkins that he understood each individual count and its potential penalties. N.T. at 6-11. In response to Judge Wright's questions, Dinkins testified that he was not forced or threatened to enter the plea and that he was pleading guilty of his own free will. N.T. at 14-15. Based on this testimony and the signed agreements, Judge Wright concluded that the plea was knowingly, voluntarily, and intelligently made and sentenced Dinkins to the term of imprisonment contained in the plea agreements. N.T. at 17-18. Dinkins now challenges his plea but fails to provide any information to suggest that he was coerced. We find Dinkins's argument meritless. To the extent Dinkins argues that he was misled into accepting an illegal sentence, this argument also fails because his sentence is legally valid and far below the statutory maximum.

> **D.    Appellate counsel was not ineffective for failing to raise trial counsel's ineffectiveness for coercing Petitioner into entering plea of guilty**

Because Dinkins's sentence is legal, and his plea agreement was entered voluntarily, this claim is without merit. *See United States v. Sanders*, 165 F.3d at 253. Additionally, Dinkins's appellate counsel cannot be faulted for failing to raise trial counsel's ineffectiveness because trial counsel ineffectiveness may be, and often should be, raised on post-conviction review instead of direct appeal. See *Com. v. Grant*, 813 A.2d 726, 738-39 (Pa. 2002).

## IV.    CONCLUSION

The Court declines to issue a certificate of appealability. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. 2253(c)(2). Dinkins has not shown that "reasonable jurists" would find this Court's assessment of the constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No certificate of appealability will issue.

Dinkins has tenaciously sought judicial review of his sentence. Several state courts and this federal court have reviewed the entirety of the record and considered the totality of his arguments many times over. All have found no constitutional or legal defects, mistakes of sentencing procedure, or abuses of discretion. This Court acknowledges Dinkins's tireless effort to vindicate his rights. Because we find that none of his rights were violated and his claims lack merit, we DENY his petition and his objections in their entirety, and we ADOPT Judge Rice's reasoned Report and Recommendation. For the foregoing reasons, we DENY IN PART Dinkins's request to withdraw two of his claims and DENY AS MOOT his motion to amend his petition. An appropriate order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**