IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS SHARIDE DINKINS, JR., | : | |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 21-CV-2916 |
| | : | |
| SUPERINTENDENT MASON, *et al.*, | : | |
|     Respondents. | : | |

### MEMORANDUM

**KENNEY, J.**                                                                                              **DECEMBER 9, 2022**

*Pro se* Petitioner Francis Sharide Dinkins, Jr., a prisoner in state custody serving a sentence of ten to twenty years of imprisonment,[1] has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 31.) Dinkins seeks to reopen the judgment denying and dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Dinkins's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Timothy R. Rice. (ECF No. 16.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context.

---

[1] Dinkins entered into a negotiated guilty plea on two separate dockets to the following crimes: one count of aggravated assault, four counts of recklessly endangering another person ("REAP"), one count of discharging a firearm into an occupied structure, two counts of unlawful possession of a firearm, and one count each of possession with intent to deliver drugs and possession of drug paraphernalia.

Following entry of his negotiated guilty plea in state court, direct appeal, and post-conviction collateral review including appeal thereof, Dinkins filed a federal habeas petition in this Court in 2021.  In his habeas petition, Dinkins argued that the trial court had erred in applying discretionary enhancements to his negotiated sentence, trial counsel was ineffective for failing to object to the negotiated sentence, and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for that same reason.  On November 12, 2021, Magistrate Judge Rice recommended dismissal of Dinkins' habeas petition with prejudice, concluding that the claims were non-cognizable and lacked merit.  *See* Report and Recommendation ("R&R"), ECF No. 16.  On February 7, 2022, this Court agreed by adopting the R&R and dismissing the habeas petition with prejudice.  *See* Memorandum and Order, ECF Nos. 21-22.  On May 31, 2022, the Third Circuit declined to review the case and denied a Certificate of Appealability ("COA"), finding that the claims were non-cognizable and lacked merit.  *See* Order, ECF No. 30.

In the current Motion, Dinkins seeks relief pursuant to Rule 60(b).  *See* Rule 60(b) Motion, ECF No. 31.  He initially asserts that because this Court and Magistrate Judge Rice did not review the merits of his habeas claims, his request for reconsideration is procedural, and the Court should permit merits review of, and an evidentiary hearing concerning, those claims.  *Id.* at 5, 8.[2]  This assertion, however, is incorrect; on the existing record and without need for a hearing, this Court found Dinkins's claims meritless as well as non-cognizable.  *See* Memorandum, ECF No. 21.  Dinkins next asserts that the sentencing enhancement was improperly applied without notice to him.  *See* ECF No. 31 at 5-6.  This claim lacks merit, as this Court and Magistrate Judge Rice found.  See ECF No. 21 at 7-9.

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.  STANDARDS

### A.  Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

### B.  Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly,

3

AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court.  *Id.* at 532 and n.4.

**III.  DISCUSSION**

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Dinkins's Rule 60(b) motion is a true Rule 60(b) motion, or a successive habeas petition.  The answer to this question is clear.  Despite superficial appearances to the contrary, Dinkins does not challenge a procedural ruling or defect in the previous habeas proceedings, and he is mistaken in his assertion that the Court denied his claims for procedural reasons alone.  To the contrary, although the Court determined that Dinkins's claims were based entirely upon state law and thus non-cognizable, the Court also reviewed his claims on the merits, concluding that they lacked merit.  Therefore, his Motion must be construed as an unauthorized second or successive habeas petition to the extent that he is challenging his judgment of sentence.  Because Dinkins has not received prior authorization from the United States Court of Appeals for the Third Circuit to file a second federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider his claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

                              **BY THE COURT:**

                              /s/ Chad F. Kenney

                              _____
                              **CHAD F. KENNEY, J.**